IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

CHASE CLARK, INDIVIDUALLY AND
AS MOTHER AND NEXT FRIEND OF
MADISON CLARK, A MINOR                                                      PLAINTIFF

VERSUS                                                        NO. 2022-0023-CICI

CALEB COX, DELTA SNOW LLC,
SOUTHERN SNOW INTERNATIONAL, INC.,
SOUTHERN SNOW SALES LLC, AND SOUTHERN
SNOW MANUFACTURING, INC.                                      DEFENDANTS

## C O M P L A I N T

COME NOW Plaintiff, through counsel, and files this her Complaint against the Defendants as follows, to-wit:

### I.

Plaintiff, Chase Clark, is an adult resident citizen of Carrollton, Carroll County, Mississippi and brings this suit individually and as mother and next friend of Madison Clark, a minor

### II.

Defendant, Caleb Cox, is an adult resident citizen of 335 CR 319, Carrollton, Mississippi 38917, and at all times referenced herein, the owner and operator of the Defendant, Delta Snow, LLC. This Defendant may be served with process of this Court at his address of 335 CR 319 Carrollton, Mississippi or at his place of business, Delta Snow LLC, 209 West Claiborne Avenue, Greenwood, Mississippi 38930.

Defendant, Delta Snow LLC, hereinafter referred to as "Delta Snow", is a limited liability company organized and existing under the laws of the State of Mississippi and may be served with process of this Court by service upon its registered agent, Caleb Cox at his residence address of 335 CR 319, Carrollton, Mississippi 38917 or at Delta Snow LLC, 209 West Claiborne Avenue, Greenwood, Mississippi 38930.

Defendant Southern Snow International, Inc. is a foreign corporation organized, existing under the laws of the State of Louisiana, doing business in the State of Mississippi with its principal place of business at 103 West W St., Belle Chasse, Louisiana 70037 and may be served with process by service upon its agent, Richard Darling, 103 West W St., Belle Chasse, LA 70037.



EXHIBIT
A

Defendant Southern Snow Sales LLC is a foreign corporation organized, existing under the laws of the State of Louisiana, doing business in the State of Mississippi with its principal place of business at 103 West W St., Suite B, Belle Chasse, Louisiana 70037 and may be served with process by service upon its agent, Michel R. Brault, 1915 Engineers Rd. Belle Chasse, LA 70037.

Defendant Southern Snow Manufacturing, Inc. is a foreign corporation organized, existing under the laws of the State of Louisiana, doing business in the State of Mississippi with its principal place of business at 103 West W St., Belle Chasse, Louisiana 70037 and may be served with process by service upon its agent, John H. Hagood, 103 West W St., Belle Chasse, LA 70037.

Caleb Cox and Delta Snow LLC are hereinafter referred to as "Delta Snow".

Southern Snow International, Inc., Southern Snow Sales LLC and Southern Snow Manufacturing, Inc. are hereinafter referred to as "Southern Snow".

The subject incident occurred in Leflore County, Mississippi. As such, venue is proper in the county where the incident occurred.

III.

At all times pertinent hereto, Defendants, Southern Snow, were engaged in the business of designing, manufacturing, distributing, marketing, and selling shaved ice machines, one of which is the subject matter of the within action.

IV.

At all times pertinent hereto, Plaintiff's minor child, Madison Clark, was an employee of Defendants, Delta Snow LLC, and was on the job at the time of the subject accident referenced herein.

V.

On or about May 23, 2021, Plaintiff's minor child, Madison Clark, while performing her job duties having recently being hired for the job, was attempting to dislodge ice from a Southern Snow shaved ice machine, when she received severe injuries to her right hand and fingers including partial traumatic metacarpophalangeal amputation of the right index finger, right middle finger and right ring finger.

VI.

The aforementioned injuries were not caused by any negligence on the part of the Plaintiff.

VII.

At the time of the aforementioned incident, the Plaintiff's minor, Madison Clark, was using the Southern Snow snow machine as it was intended to be used, for its intended purpose, and in a manner that was reasonably foreseeable to Southern Snow.

VIII.

The aforementioned injuries resulted from the design, manufacturing, marketing, distributing and sale of a product that was in a defective condition and was unreasonably dangerous for its intended or foreseeable use. As such, the Defendants, Southern Snow, are strictly liable to the Plaintiff under the laws of the State of Mississippi and §11-1-63 MCA.

IX.

At the time of the aforementioned incident, the subject shaved iced machine was not materially changed from the condition in which it was manufactured nor was it used in a non-foreseeable manner.

X.

The aforementioned injuries resulted from the negligent and/or reckless conduct of the Defendants, Southern Snow herein consisting, inter alia, of the following:

a) Failing to provide adequate guarding and appropriate design at the area of the blades of the shaved iced machine to protect the user from a hazard;

b) Failing to provide a shield or guard adequate to prevent persons from being injured by the blades of the shaved ice machine;

c) Failing to provide adequate instructions and/or warnings placed on the shaved iced machine as to the danger of the machine and proper procedure for use of the machine and of the hazards and risks of the shaved ice machine or as to the proper use of and the dangers of the shaved iced machine.

d) Failing to use reasonable design alternatives to prevent the risk of injury.

## XI.

The Defendants, Delta Snow, knew or should have known of the danger of the subject product and the extreme hazard presented by the machine. However, they failed to take any measures to ensure the safety of Plaintiff and failed to warn, instruct and safeguard the Plaintiff.

## XII.

The Defendants, Delta Snow, having undertaken and assumed the duty, failed to exercise reasonable care to discover a potentially hazardous situation and take appropriate action to ensure the safety of the Plaintiff.

## XIII.

The Defendants, Delta Snow, owed a duty to provide a reasonably safe place for Plaintiff's minor child, and other employees to work.

## XIV.

The personal injuries inflicted upon Plaintiff's minor child, Madison Clark, were the direct and proximate result of the following willful, wanton and grossly negligent acts of the Defendants, Delta Snow in their:

a) failure to properly train, warn and instruct its employee, minor, Madison Clark.

b) failure to adequately inspect, upkeep and maintain the subject shaved ice machine;

c) failure to provide or require adequate safety inspections of the shaved ice machine;

d) failing to insure and provide a reasonably safe place to work;

e) grossly negligent in their safety inspections of the designated work area, including the shaved ice machine.

## XV.

At all times complained of, there were economically and engineeringly feasible alternative safety guards, designs or devices which could have been used which would have prevented or minimized the risk of the accident and severity of the injury to Plaintiff's minor child which were not used or considered by the Defendant, Southern Snow.

### XVI.

The Defendant, Southern Snow, knew, and certainly should have known before the minor's fingers were cut off while she was using the snow machine, that other users of Southern Snow snow machines like the one the Plaintiff's minor was using, had parts of their fingers also cut off while using the snow machine, just as the Plaintiff's minor's fingers were cut off by the ice shaving blades of the snow machine she used her fingers to try to unclog snow/ice stuck inside the snow exit chute of the snow machine that was preventing snow from coming out of the snow exit chute of the machine.

### XVII.

Southern Snow knew that the ice shaving blades (cutting mechanism) of the snow machine were located inside of the snow exit chute of the machine, dangerously close to the end of the snow exit chute of the snow machine, only inches from the snow discharge exit opening.

### XVIII.

Southern Snow gave no warning, and certainly no reasonable warnings to users of the snow machine that the ice shaving blades of the snow machine were located inside of the snow exit chute of the machine, dangerously close to the opening of the snow exit chute, only inches from the snow discharge exist chute opening.

### XIX.

Southern Snow knew, and in the exercise of reasonable care should have known:

a. That some of the users of its snow machine were and would be young and inexperienced with machinery, like the ice shaving snow machine, like Madison Clark was, and they would not know where the ice shaving blades of the snow machine were located, or that the ice shaving blades were located in the snow exit chute within inches of the end of the snow exit chute; and

b. That some of the users of the snow machine had attempted, and would attempt to unclog snow from the snow exit chute using their fingers, while the snow machine was running.

### XX.

Southern Snow failed to reasonably and safely design, construct and manufacture the snow

machine or prevent snow shavings from clogging up the inside of the snow exit chute, preventing snow from coming out of the snow machine, which could cause users to need to dislodge snow clogging up the exit chute so the snow produced by the machine could come out of the end of the snow exit chute. For example, the snow exit chute could have been made of silicone or an alternative instead of the metal or material used by Southern Snow.

XXI.

It was known to Southern Snow, and in the exercise of reasonable care should have been known to Southern Snow, that when used as the manufacture intended, the Southern Snow ice shaving snow machine caused snow ice shaving to become clogged in the snow exit chute of the machine, preventing snow from coming out of the snow exit chute, and that users of the snow machine, like Plaintiff's minor, Madison Clark, had tried and would try to unblock the snow clogged in the snow exit chute with their fingers and that their fingers would be cut off. This was all foreseeable to Southern Snow, and having this knowledge, Southern Snow willfully, wantonly, grossly negligently and intentionally failed to warn and adequately warn users of this known danger that had caused the fingers of other users of the snow machine to be cut off, just as happened to the Plaintiff's minor.

XXII.

In total, reckless, willful, wanton, grossly negligent, and intentional disregard of this knowledge of the danger, Southern Snow, willfully and intentionally, and with total disregard of the known risk and its prior knowledge of incident of users having fingers cut off when using the snow machine, failed to give reasonable, adequate and sufficient warnings of this known dangers to users caused by logging of snow in the exit chute of the machine, resulting in users attempting to unclog the snow with their fingers

XXIII.

The manufacturer Southern Snow knowingly and intentionally failed to safely design the machine and to use an alternative design and/or materials in the construction of the machine that would have corrected, eliminated or greatly reduced dangers to users caused by the clogging of saved

ice snow in the discharge chute, which Southern Snow knew and should have known had caused parts of fingers of users of the snow machine to be cut off while using the snow machine for its intended purpose, and which the manufacturer should have known and foreseen with the exercise of reasonable care.

## XXIV.

The acts of Defendants, Southern Snow, described hereinabove constitute a willful and reckless disregard for the safety of users of its product including the Plaintiff's minor child, for which Defendants, Southern Snow, are liable in punitive damages in an amount to be determined by the jury.

## XXV.

As a result of Defendants' conduct hereinabove described, Plaintiff's minor child, Madison Clark, suffered severe and permanent injuries consisting of the partial traumatic metacarpophalangeal amputation of the right index finger, right middle finger and right ring finger.

As a further, direct and proximate result of the accident, Plaintiff's minor child suffered severe personal injuries, past, present and future pain and suffering as well as past, present and future mental and emotional distress and disfigurement. Plaintiff further incurred and is entitled to recover medical, hospital and drug expenses and will likely incur future expenses. Plaintiff further asserts that this injury has or will result in a loss of wage earning capacity by the minor Plaintiff.

## XXVI.

At the time of the accident complained of, Plaintiff's minor child, Madison Clark, was 16 years of age, in reasonably good health, and had a life expectancy of approximately 65.8 years according to the Vital Statistics of the United States.

WHEREFORE, Plaintiff, demands judgment of, from and against the Defendants, Caleb Cox and Delta Snow LLC in an amount to be determined by the jury with all costs herein and legal interest from the date of judgment and pre-judgment interest, and Plaintiff demands judgment of, from and against Defendants, Southern Snow International, Inc., Southern Snow Sales LLC, and Southern Snow Manufacturing, Inc. in an amount to be determined by the jury, together with

punitive damages in an amount to be determined by the jury and/or Veasley damages, with all costs herein and legal interest from the date of judgment and pre-judgment interest.

Respectfully submitted,

CHAPMAN, LEWIS & SWAN, PLLC
501 First Street
Post Office Box 428
Clarksdale, MS 38614
(662) 627-4105 telephone
(662) 627-4171 facsimile
ralph@chapman-lewis-swan.com

By: _____
    Ralph E. Chapman
    MSB # 5962

OF COUNSEL:

Talbot O. McCain, Esq.
MSB# 2199
ODOM & MCCAIN
113 Fulton Street
Greenwood, Mississippi 38930
(662) 453-5112
Fax (662) 354-5113
tom@talbotmccain.com

PLAINTIFF REQUESTS A TRIAL BY JURY

FILED

APR 1 1 2022

ELMUS STOCKSTILL CIRCUIT CLERK
BY _____ D.C.